IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ANDREA ANDERSON                                                              PLAINTIFF

V.                                      3:07CV00110 JMM

FAMILY DOLLAR STORES
OF ARKANSAS, INC.                                                            DEFENDANT

## ORDER DENYING DEFENDANT'S BILL OF COSTS

Pending is Defendant's Bill of Costs. Plaintiff has filed an Objection to Defendant's Bill of Costs, and Defendant has filed a Response. For the reasons set forth below, the Defendant's Bill of Costs is DENIED. (Docket # 39).

Plaintiff filed her complaint on August 13, 2007. Defendant field an answer on September 7, 2007. On July 14, 2008, Defendant filed a motion for summary judgment. This motion was granted on August 11, 2008, and Plaintiff's complaint was dismissed. Defendant filed a motion for bill of costs of September 16, 2008.

Federal Rule of Civil Procedure 54(d)(1) states that "Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Defined in 28 U.S.C. § 1920 are expenses that the court may tax as costs.

A district court has substantial discretion in awarding costs to prevailing parties under these measures. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (2006). The discretionary authority found in Rule 54(d) is not a power to award beyond what is statutorily allowed. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). "Rather, it is solely a power to decline to tax, as costs, the items enumerated in § 1920." *Id*.

Courts have discretion to deny costs because a plaintiff is poor or for other good reasons. *Poe v. John Deere Co.*, 695 F.2d 1103 (8th Cir. 1982). Defendant asserts the costs were necessary and should be awarded because a denial would operate as a penalty when there are no grounds for such a penalty in this case. Plaintiff claims Defendant accumulated costs through repetitive and unnecessary collection of information. Plaintiff claims that the videotaped deposition of Plaintiff was unusually long and repetitive, that all documents subject to Defendant's bill of costs were provided previously by Plaintiff in response to written discovery, and that Plaintiff is of modest means.

After reviewing the parties' briefs, the Court finds that an assessment of costs is not warranted under the circumstances of this case.

IT IS SO ORDERED this   24   day of October, 2008.

_____
James M. Moody
United States District Judge